CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
6/18/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONYA RENEE HASH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:17-cv-369 |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Robert S. Ballou |
| Acting Commissioner of Social Security | ) | United States Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In this social security appeal, I **GRANT** the government's motion to dismiss (Dkt. 8) because Plaintiff, Tonya Renee Hash ("Hash"), failed to file this action within the 60-day statute of limitations, and no circumstances exist to justify equitable tolling of the statutory period.

Hash applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on November 3, 2011. Hash's applications were denied at both the initial and reconsideration levels. An ALJ denied Hash's claim on December 12, 2013, but on review, the Appeals Council remanded the case to the ALJ on February 6, 2015. The ALJ subsequently issued an unfavorable decision on March 14, 2016, and the Appeals Council declined to review it on May 4, 2017. Hash filed this action on August 7, 2017.

An individual must file a civil action challenging a denial of social security benefits within 60 days of receiving notice of the Appeals Council's decision by mail. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). The date of receipt of the notice from the Appeals Council is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary. § 422.210(c).

1

The 60-day statute of limitations is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478–80 (1986). "[T]olling of the period of limitation will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Generally, equitable tolling will apply only where a plaintiff actively pursued her judicial remedies by filing a defective pleading during the statutory period or allowed the deadline to pass due to agency misconduct. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling does not extend to "a garden variety claim of excusable neglect." Id.

It is the plaintiff's burden to demonstrate that the statutory period should be equitably tolled. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gibbs v. Barnhart, No. 2:04cv00056, 2005 WL 283205, at *2 (W.D. Va. Feb. 7, 2005). This burden requires proof that some extraordinary circumstance stood in the way of a plaintiff diligently pursuing available appeal rights. Pace, 544 U.S. at 418. Equitable tolling requires "(1) extraordinary circumstances; (2) beyond [the litigant's] control or external to [the litigant's] own conduct; (3) that prevented [the litigant] from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Hash presumptively received notice of the Appeals Council's denial of her request for review on May 9, 2017. Hash was then required to file her complaint (or, alternatively, request an extension from the Commissioner) by July 10, 2017.[1] Hash filed her complaint on August 7, 2017—twenty-eight days after the statutory deadline. Hash's complaint is time barred unless her delay is otherwise excused by equitable tolling.

Hash explains that she mailed her complaint to the court's former post office box[2] on June 30, 2018—well within the statutory period—but it was returned as undeliverable. The

---

[1] Hash had until Monday, July 10, 2017, the first business day after the 60-day period expired, to file her complaint in this court. See Fed. R. Civ. P. 6(a)(1)(C).

[2] The court closed its post office box in June 2013.

2

return envelope had the court's correct mailing address. Hash then mailed her complaint to the court on August 3, 2017, and it was filed four days later. Hash does not provide any evidence as to when she received the return envelope, how much time passed until she mailed her complaint again, or any other circumstance which prevented her from timely filing her complaint.

An improper mailing address is not an exceptional circumstance justifying equitable tolling, but a simple mistake. Hash never filed a defective pleading and was never subject to agency or governmental misconduct. See Irwin, 498 U.S. at 96. The fact that she mailed her complaint to the wrong address before the statutory deadline is immaterial,[3] as equitable tolling does not apply to simple "excusable neglect." Id.

Hash's complaint is time-barred having been filed twenty-eight days after the statutory deadline, and exceptional circumstances justifying equitable tolling are not present. Accordingly, I **GRANT** the government's motion to dismiss and I **DISMISS** this action.

Entered: June 18, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

[3] Although not addressed by either party, the mailbox rule does not apply to Hash, as she is not incarcerated. See Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) ("[T]he unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period."). The fact that Hash's complaint is postmarked within the applicable statute of limitations does not render her complaint timely filed.